IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:06-CR-161-D-1

| | | |
|---|---|---|
| IRAN DEVON COOK, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

Iran Devon Cook moves, pursuant to 18 U.S.C. § 3582(c)(2), for a reduction in his sentence [D.E. 119]. He relies on Amendments 750 and 759 to the Sentencing Guidelines. As explained below, the motion is denied.

On August 28, 2007, Cook pleaded guilty, pursuant to a plea agreement [D.E. 66], to (1) possessing with intent to distribute a quantity of cocaine base (crack) and aiding and abetting, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2; and (2) using, carrying, or possessing a firearm during and in relation to a drug trafficking crime and aiding and abetting, in violation of 18 U.S.C. §§ 924(c)(1)(A) and 2. See [D.E. 1, 50]; Presentence Investigation Report ("PSR") ¶¶ 1–2, 6. Before sentencing, the United States Probation Office ("probation") prepared a Presentence Investigation Report ("PSR"). In the PSR, probation found that Cook had two prior felony convictions involving either a crime of violence or a controlled-substance offense. See PSR ¶¶ 14, 16. Thus, probation determined that, pursuant to U.S.S.G. § 4B1.1, Cook was a career offender. See id. ¶ 39. Cook's designation as a career offender meant that, pursuant to U.S.S.G. § 4B1.1(c)(3), his advisory guideline range was 262 to 327 months, regardless of the drug weight attributed to him. See id. ¶ 45. Cook did not object to the PSR or to the advisory guideline range. See PSR,

Addendum; Transcript of Sentencing Proceedings ("Sentencing Tr.") [D.E. 65] 5. On December 4, 2007, at Cook's sentencing hearing, the court adopted the facts set forth in the PSR. See Sentencing Tr. 5; Fed. R. Crim. P. 32(i)(3)(A). After considering the entire record, arguments of counsel, and the section 3553(a) factors, this court sentenced Cook to 262 months' imprisonment. [D.E. 59]; see Sentencing Tr. 10.

Under the Sentencing Guidelines, the quantity of drugs involved in a drug-trafficking offense generally determines the base offense level for that offense. See U.S.S.G. § 2D1.1(c). Amendments 750 and 759 increased the amount of crack cocaine required to trigger a given base offense level. But Cook's drug weight did not determine his advisory guideline range. Rather, his status as a career offender did. As such, he is not "a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Thus, he gets no relief under Amendments 750 and 759. See Dillon v. United States, 130 S. Ct. 2683, 2691 (2010); United States v. Lovett, No. 13-1994, 2014 WL 243238, at *1 (7th Cir. Jan. 23, 2014) (unpublished); United States v. Doucette, No. 12-50370, 2013 WL 5977612, at *1 (9th Cir. Nov. 12, 2013) (unpublished); United States v. Riley, 726 F.3d 756, 759 (6th Cir. 2013); United States v. Hodge, 721 F.3d 1279, 1280–81 (10th Cir. 2013); United States v. Ervin, No. 13-6354, 2013 WL 3616035, at *1 (4th Cir. July 16, 2013) (per curiam) (unpublished); United States v. Leonardo, 529 F. App'x 75, 78 (2d Cir. 2013) (unpublished); United States v. Barnes, 529 F. App'x 340, 341 (4th Cir. 2013) (per curiam) (unpublished); United States v. Staton, 527 F. App'x 264, 265 (4th Cir. 2013) (per curiam) (unpublished); United States v. Lewis, No. 13-6227, 2013 WL 1800396, at *1 (4th Cir. Apr. 30, 2013) (per curiam) (unpublished); United States v. Rogers, 513 F. App'x 129, 131 (3d Cir. 2013) (per curiam) (unpublished); United States v. Harris, 688 F.3d 950, 952–53 (8th Cir. 2012); United States v. Joulevette, 477 F. App'x 282, 283 (5th Cir.

2012) (per curiam) (unpublished); United States v. Lawson, 686 F.3d 1317, 1321 (11th Cir. 2012) (per curiam); United States v. Curet, 670 F.3d 296, 309 (1st Cir. 2012); United States v. Rashaad, No. 3:01cr195, 2012 WL 4758271, at *2 (W.D.N.C. Oct. 5, 2012) (unpublished), aff'd, 512 F. App'x 294 (4th Cir. 2013) (per curiam) (unpublished); United States v. Quarles, 889 F. Supp. 2d 783, 787–88 (E.D. Va. 2012); see also United States v. Rivera, 662 F.3d 166, 172 & n.4 (2d Cir. 2011) (collecting cases from the First, Third, Fifth, Sixth, Seventh, Eighth, Ninth, Tenth, and Eleventh Circuits holding that a defendant convicted of a crack-related charge but sentenced as a career offender under U.S.S.G. § 4B1.1 is not eligible for a sentence reduction under Amendment 706); United States v. Broadwater, 613 F. Supp. 2d 740, 742–45 (E.D.N.C. 2009).

In sum, the court DENIES Cook's motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c) [D.E. 119]. The clerk shall close the case.

SO ORDERED. This 31 day of January 2014.

JAMES C. DEVER III
Chief United States District Judge