IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:06-CR-161-D-1
No. 5:08-CV-588-D
No. 5:16-CV-413-D

| | | |
|---|---|---|
| IRAN DEVON COOK, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

On June 17, 2016, Iran Devon Cook ("Cook") moved pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his 262-month sentence [D.E. 158]. On October 24, 2016, the government moved to dismiss Cook's motion and filed a supporting memorandum [D.E. 167, 168]. On December 6, 2016, Cook responded in opposition [D.E. 172]. As explained below, the court grants the government's motion to dismiss.

I.

On August 28, 2007, Cook pleaded guilty, pursuant to a plea agreement [D.E. 66], to (1) possessing with intent to distribute a quantity of cocaine base (crack) and aiding and abetting in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2; and (2) using, carrying, or possessing a firearm during and in relation to a drug trafficking crime and aiding and abetting in violation of 18 U.S.C. §§ 924(c)(1)(A) and 2. See [D.E. 1, 50]; Presentence Investigation Report ("PSR") ¶¶ 1–2, 6. Before sentencing, the United States Probation Office ("probation") prepared a Presentence Investigation Report ("PSR"). In the PSR, probation found that Cook had two prior felony

convictions involving either a crime of violence or a controlled-substance offense. See PSR ¶¶ 14, 16. Thus, probation determined that, pursuant to U.S.S.G. § 4B1.1, Cook was a career offender. See id. ¶ 39. Cook's designation as a career offender meant that, pursuant to U.S.S.G. § 4B1.1(c)(3), his advisory guideline range was 262 to 327 months, regardless of the drug weight attributed to him. See id. ¶ 45. Cook did not object to the PSR or to the advisory guideline range. See PSR, Addendum; Transcript of Sentencing Proceedings ("Sentencing Tr.") [D.E. 65] 5. On December 4, 2007, at Cook's sentencing hearing, the court adopted the facts set forth in the PSR. See Sentencing Tr. 5; Fed. R. Crim. P. 32(i)(3)(A). After considering the entire record, arguments of counsel, and the section 3553(a) factors, this court sentenced Cook to 262 months' imprisonment. [D.E. 59]; see Sentencing Tr. 10.

Cook appealed. On December 1, 2010, the United States Court of Appeals for the Fourth Circuit affirmed. See United States v. Cook, 401 F. App'x 857, 858–59 (4th Cir. 2010) (per curiam) (unpublished). In dismissing part of Cook's appeal, the Fourth Circuit enforced the appellate waiver in Cook's plea agreement. See id.

In Cook's section 2255 motion, Cook alleges that he is no longer a career offender under Johnson v. United States, 135 S. Ct. 2551 (2015). See [D.E. 158] 4–12. The government disagrees and has moved to dismiss Cook's motion for failure to state a claim upon which relief can be granted. See [D.E. 167, 168].

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for "failure to state a claim upon which relief can be granted" tests the legal and factual sufficiency of a complaint. See Ashcroft v. Iqbal, 556 U.S. 662, 677–78 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 562–63, 570 (2007); Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 132 S. Ct. 1327 (2012); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008); accord

2

Erickson v. Pardus, 551 U.S. 89, 93–94 (2007) (per curiam). In considering a motion to dismiss, a court need not accept a complaint's legal conclusions. See, e.g., Iqbal, 556 U.S. at 678. Similarly, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Giarratano, 521 F.3d at 302 (quotation omitted); see Iqbal, 556 U.S. at 677–79. Moreover, a court may take judicial notice of public records without converting a motion to dismiss into a motion for summary judgment. See, e.g., Fed. R. Evid. 201; Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007); Philips v. Pitt Cty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009). In reviewing a section 2255 motion, the court is not limited to the motion itself. The court may consider "the files and records of the case." 28 U.S.C. § 2255(b); see United States v. McGill, 11 F.3d 223, 225 (1st Cir. 1993). Likewise, a court may rely on its own familiarity with the case. See, e.g., Blackledge v. Allison, 431 U.S. 63, 74 n.4 (1977); United States v. Dyess, 730 F.3d 354, 359–60 (4th Cir. 2013).

Cook's plea agreement contains an appellate waiver. See Plea Ag. [D.E. 66] ¶ 2(c). In the waiver, Cook agreed

> [t]o waive knowingly and expressly all rights, conferred by 18 U.S.C. § 3742, to appeal whatever sentence is imposed, including any issues that relate to the establishment of the advisory Guideline range, reserving only the right to appeal from a sentence in excess of the applicable advisory Guideline range that is established at sentencing, and further to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to 28 U.S.C. § 2255, excepting an appeal or motion based upon grounds of ineffective assistance of counsel or prosecutorial misconduct not known to the Defendant at the time of the Defendant's guilty plea. The foregoing appeal waiver does not constitute or trigger a waiver by the United States of any of its rights to appeal provided by law.

Id. The appellate waiver is enforceable. See Cook, 401 F. App'x at 858–59. Cook's Johnson claim falls within the appellate waiver and bars the claim. See United States v. Davis, 689 F.3d 349, 354–55 (4th Cir. 2012) (per curiam); United States v. Copeland, 707 F.3d 522, 528–30 (4th Cir.

3

2013); United States v. Thornsbury, 670 F.3d 532, 537 (4th Cir. 2012); United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005).

Alternatively, assuming without deciding that Johnson applies retroactively to Cook, Johnson does not help Cook. Cook's 2000 conviction for robbery with a dangerous weapon, see PSR ¶ 16, continues to qualify as a crime of violence under the guidelines even after Johnson. See, e.g., United States v. Smith, 638 F. App'x 216, 219 (4th Cir. 2016) (per curiam) (unpublished); United States v. Span, 789 F.3d 320, 324 (4th Cir. 2015). When Cook's robbery with a dangerous weapon conviction is coupled with Cook's conviction and ten-year sentence in 1995 for sell or delivery of cocaine (PSR ¶ 14), Cook remains a career offender under the guidelines. Thus, Johnson does not help Cook, and his claim fails.

After reviewing the claim presented in Cook's motion, the court finds that reasonable jurists would not find the court's treatment of Cook's claim debatable or wrong, and that the claim does not deserve encouragement to proceed any further. Accordingly, the court denies a certificate of appealability. See 28 U.S.C. § 2253(c); Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000).

II.

In sum, the court GRANTS the government's motion to dismiss [D.E. 167], DISMISSES Cook's section 2255 motion [D.E. 158], and DENIES a certificate of appealability.

SO ORDERED. This 27 day of February 2017.

JAMES C. DEVER III
Chief United States District Judge