IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:06-CR-161-D

UNITED STATES OF AMERICA          )
                                  )
                                  )
          v.                      )          **ORDER**
                                  )
IRAN DEVON COOK,                  )
                                  )
          Defendant.              )

On June 25, 2020, Iran Devon Cook ("Cook") moved for relief under the First Step Act

("First Step Act"), Pub. L. No. 115-391, § 404, 132 Stat. 5194, 5222 [D.E. 183, 184]. On July 28,

2020, Cook filed objections to the modified Presentence Investigation Report ("PSR"). See [D.E.

190]. On August 17, 2020, the United States responded in opposition [D.E. 193]. On August 26,

2020, Cook replied [D.E. 194]. As explained below, the court denies Cook's motion for reduction

of sentence.

I.

On August 28, 2007, pursuant to a plea agreement [D.E. 66], Cook pleaded guilty to (1)

possessing with intent to distribute a quantity of cocaine base (crack) and aiding and abetting in

violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2 (count one) and (2) using, carrying, or

possessing a firearm during and in relation to a drug trafficking crime and aiding and abetting in

violation of 18 U.S.C. §§ 924(c)(1)(A) and 2 (count two). See [D.E. 1, 50]; PSR ¶¶ 1–6. Before

sentencing, the United States Probation Office prepared a PSR. The PSR referenced Cook's two

felony convictions for sell or deliver cocaine and robbery with a dangerous weapon. See PSR ¶¶ 14,

16. Pursuant to U.S.S.G. § 4B1.1, the PSR designated Cook as a career offender. See id. ¶ 19, 39.

Cook's designation as a career offender meant that his advisory guideline range was 262 to 327 months, regardless of the drug weight attributed to him. See id. ¶ 45; U.S.S.G. § 4B1.1(c)(3). Cook did not object to the PSR or the advisory guideline range. See PSR Add.; Sent Tr. [D.E. 65] 5. On December 4, 2007, at Cook's sentencing hearing, the court adopted the facts set forth in the PSR. See Sent. Tr. at 5; Fed. R. Crim. P. 32(i)(3)(A). After considering the entire record, arguments of counsel, and the section 3553(a) factors, this court sentenced Cook to 262 months' imprisonment. See [D.E. 59] 2; Sent Tr. at 8–10. Cook appealed. See [D.E. 104]; cf. [D.E. 100]. On December 1, 2010, the United States Court of Appeals for the Fourth Circuit enforced the appellate waiver in Cook's plea agreement and affirmed this court's judgment. See United States v. Cook, 401 F. App'x 857, 858–59 (4th Cir. 2010) (per curiam) (unpublished).

On February 25, 2011, Cook moved for a sentence reduction under 18 U.S.C. § 3582(c)(2), U.S.S.G. § 1B1.10, and Amendment 750 and 759. See [D.E. 119]. On January 31, 2014, the court denied the motion for a sentence reduction. See [D.E. 149].

On June 17, 2016, Cook moved to vacate, set aside, or correct his sentence. See [D.E. 158]; 28 U.S.C. § 2255. On February 27, 2017, the court dismissed Cook's motion. See [D.E. 177].

On August 3, 2010, Congress enacted the Fair Sentencing Act of 2010 ("Fair Sentencing Act"), Pub. L. No. 111-220, 124 Stat. 2372 (codified as amended at 21 U.S.C. § 801, et seq.). Section 2 of the Fair Sentencing Act reduced statutory penalties by increasing the drug quantities necessary to trigger certain statutory minimums and maximums. For example, the amount of crack cocaine necessary to trigger a 5 to 40 year sentence increased from 5 to 28 grams. Likewise, the amount of crack cocaine necessary to trigger a 10 year to life sentence increased from 50 grams to 280 grams. See id., § 2, 124 Stat. at 2372.

2

On December 21, 2018, the First Step Act went into effect. See First Step Act, 132 Stat. at

5249. The First Step Act makes the Fair Sentencing Act's reductions in mandatory minimum

sentences apply retroactively to defendants who committed their "covered offense" of conviction

before August 3, 2010. See id. § 404(a), 132 Stat. at 5222. Section 404(a) defines "covered offense"

as "a violation of a Federal criminal statute, the statutory penalties for which were modified by

section 2 or 3 of the Fair Sentencing Act . . . that was committed before August 3, 2010." Id. Under

the First Step Act, a "court that imposed a sentence for a covered offense may . . . impose a reduced

sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the

covered offense was committed." Id. § 404(b), 132 Stat. at 5222. A court that modifies a sentence

under the First Step Act does so under 18 U.S.C. § 3582(c)(1)(B), which allows a court to "modify

an imposed term of imprisonment to the extent otherwise permitted by statute." 18 U.S.C. §

3582(c)(1)(B); see United States v. Woodson, 962 F.3d 812, 816–17 (4th Cir. 2020); United States

v. Chambers, 956 F.3d 667, 671 (4th Cir. 2020); United States v. Wirsing, 943 F.3d 175, 183 (4th

Cir. 2019); United States v. Alexander, 951 F.3d 706, 708 (6th Cir. 2019). If a defendant qualifies,

a court may consider a motion for a reduced sentence only if the defendant did not previously receive

a reduction pursuant to the Fair Sentencing Act and did not have a motion under the First Step Act

denied "after a complete review of the motion on the merits." First Step Act § 404(c), 132 Stat. at

5222.

Under the First Step Act, the district court adjusts the sentencing guideline calculations "as

if the current lower drug offense sentences were in effect at the time of the commission of the

offense." United States v. Curry, 792 F. App'x 267, 268 (4th Cir. 2020) (per curiam) (unpublished)

(quotation omitted); see Chambers, 956 F.3d at 671–72. "Nothing in . . . section [404(c) of the First

3

Step Act]," however, "shall be construed to require a court to reduce any sentence pursuant to this section." First Step Act § 404(c), 132 Stat. at 5222; see, e.g., United States v. Gravatt, 953 F.3d 258, 260–61 (4th Cir. 2020); Wirsing, 943 F.3d at 184–86; United States v. Barnes, No. 3:94cr80 (DJN), 2020 WL 1281235, at *4 (E.D. Va. Mar. 17, 2020 ) (unpublished); United States v. Latten, No. 1:02CR00011-012, 2019 WL 2550327, at *1–4 (W.D. Va. June 20, 2019) (unpublished).

Even though count one is a "covered offense" under the First Step Act, Cook's advisory guideline range remains 262 to 327 months' imprisonment because of his status as a career offender. See [D.E. 189] 2; see also [D.E. 183]; [D.E. 184]; [D.E. 186-2]; [D.E. 192]; [D.E. 193]; [D.E. 194]. The court has completely reviewed the entire record, the parties' arguments, the advisory guideline range, and all relevant factors under 18 U.S.C. § 3553(a). See Chavez-Mesa v. United States, 138 S. Ct. 1959, 1966–68 (2018); Chambers, 956 F.3d at 671–75; United States v. May, 783 F. App'x 309, 310 (4th Cir. 2019) (per curiam) (unpublished). As for Cook's offense conduct, Cook engaged in serious criminal behavior involving a firearm, cocaine base (crack), and marijuana. See PSR ¶¶ 7–8; Sent. Tr. 8–9. Although Cook's offense conduct involved a small amount of illegal narcotics, it also involved a loaded handgun. See PSR ¶ 7. Moreover, Cook is a violent recidivist and has convictions for possession of marijuana (two counts), possession of drug paraphernalia, possession of cocaine, second degree trespass (two counts), first degree trespass, sell or deliver cocaine, unauthorized use of a motor vehicle, speed to elude arrest, reckless driving to endanger, failure to heed to light or siren, and robbery with a dangerous weapon. See PSR ¶¶ 10–16. Cook also has very little work history. See id. at ¶¶ 28–30. Nonetheless, Cook has taken some positive steps while incarcerated on his federal sentence and does not have any infractions. See [D.E. 184] 3–5; [D.E. 184-1]; [D.E. 187]; [D.E. 194]; cf. Pepper v. United States, 562 U.S. 476, 491 (2011); Chambers, 956 F.3d at 671–75. In light of Cook's serious criminal conduct, violent criminal record, the need

4

to promote respect for the law, the need to deter others, and the need to incapacitate Cook, the court declines to reduce Cook's sentence. See, e.g., 18 U.S.C. § 3553(a); Chavez-Mesa, 138 S. Ct. at 1966–68; Chambers, 956 F.3d at 671–75; Barnes, 2020 WL 1281235, at *4; Latten, 2019 WL 2550327, at *1–4.

In reaching this decision, the court has considered the entire record, the parties' arguments, and the section 3553(a) factors. However, even if the court miscalculated the advisory guideline range, it still would not reduce Cook's sentence in light of the entire record and the section 3553(a) factors. See 18 U.S.C. § 3553(a); United States v. Gomez-Jimenez, 750 F.3d 370, 382–86 (4th Cir. 2014); United States v. Hargrove, 701 F.3d 156, 161–65 (4th Cir. 2012).

II.

In sum, the court DENIES Cook's motions for reduction of sentence [D.E. 183, 184].

SO ORDERED. This _4_ day of December 2020.

JAMES C. DEVER III
United States District Judge

5